1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   PRAETORIAN INSURANCE                    No.  2:13-cv-02639-MCE-EFB
     COMPANY,
12
                   Plaintiff,
13                                           AMENDED PRETRIAL
                                             SCHEDULING ORDER
           v.
14
     A R BUSINESS GROUP, INC.,
15
                   Defendants.
16

17

18         After review of the docket, the Court makes the following orders.

19   I.    DISCOVERY

20         All discovery, with the exception of expert discovery, shall be completed by

21   **May 16, 2016.**  In this context, "completed" means that all discovery shall have been

22   conducted so that all depositions have been taken and any disputes relative to discovery

23   shall have been resolved by appropriate order if necessary and, where discovery has

24   been ordered, the order has been obeyed.  All motions to compel discovery must be

25   noticed on the magistrate judge's calendar in accordance with the local rules of this

26   Court.

27   ///

28   ///

                                              1

II.     DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **May 20, 2016**.[1]  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within twenty (20) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.  The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

---

[1] The discovery of experts will include whether any motions based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) are anticipated.

2

1    Each party shall identify whether a disclosed expert is percipient, retained, or

2   both.  It will be assumed that a party designating a retained expert has acquired the

3   express permission of the witness to be so listed.  Parties designating percipient experts

4   must state in the designation who is responsible for arranging the deposition of such

5   persons.

6    All experts designated are to be fully prepared at the time of designation to render

7   an informed opinion, and give their bases for their opinion, so that they will be able to

8   give full and complete testimony at any deposition taken by the opposing party.  Experts

9   will not be permitted to testify at the trial as to any information gathered or evaluated, or

10   opinion formed, after deposition taken subsequent to designation.

11    Counsel are instructed to complete all discovery of expert witnesses in a timely

12   manner in order to comply with the Court's deadline for filing dispositive motions.

13   III.    MOTION HEARING SCHEDULE

14    The last day to hear dispositive motions shall be **July 1, 2016.**  All papers should

15   be filed in conformity with the Local Rules.  However, with respect to Motions for

16   Summary Judgment only, the parties shall comply with the following filing deadlines:

17   Motion for Summary              filed at least 8 weeks prior to hearing
     Judgment
18
     Opposition and any              filed at least 5 weeks prior to hearing
19   cross-motion

20   Reply and opposition to         filed at least 3 weeks prior to hearing
     cross-motion
21
22   Reply to cross-motion           filed at least 1 week prior to hearing

23

24    Absent leave of the Court, all issues the parties wish to resolve on summary

25   judgment must be raised together in one (1) motion or cross-motion.  Should the parties

26   wish to file additional motions for summary judgment, they must seek leave of the Court.

27   ///

28   ///

1    The parties are directed to the Court's website for available hearing dates.

2  (www.caed.uscourts.gov → choose Judges → choose Judge England → choose

3  Standard Information)

4    All purely legal issues are to be resolved by timely pretrial motions.  When

5  appropriate, failure to comply with Local Rules 230 and 260, as modified by this Order,

6  may be deemed consent to the motion and the Court may dispose of the motion

7  summarily.  With respect to motions for summary judgment, failure to comply with Local

8  Rules 230 and 260, as modified by this Order, may result in dismissal for failure to

9  prosecute (or failure to defend) pursuant to this Court's inherent authority to control its

10  docket and/or Federal Rule of Civil Procedure 41(b).  Further, failure to timely oppose a

11  summary judgment motion[2] may result in the granting of that motion if the movant shifts

12  the burden to the nonmovant to demonstrate that a genuine issue of material fact

13  remains for trial.

14    The Court places a page limit for points and authorities (exclusive of exhibits and

15  other supporting documentation) of twenty (20) pages on all initial moving papers, twenty

16  (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit

17  increases must be made in writing to the Court setting forth any and all reasons for any

18  increase in page limit at least seven (7) days prior to the filing of the motion.

19    For the Court's convenience, citations to the Supreme Court Lexis database

20  should include parallel citations to the Westlaw database.

21    The parties are reminded that a motion in limine is a pretrial procedural device

22  designed to address the admissibility of evidence.  The Court will look with disfavor upon

23  dispositional motions presented at the Final Pretrial Conference or at trial in the guise of

24  motions in limine.

25  ///

26  ///

27

28
_____
[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

4

1     The parties are cautioned that failure to raise a dispositive legal issue that could

2   have been tendered to the court by proper pretrial motion prior to the dispositive motion

3   cut-off date may constitute waiver of such issue.

4   IV.     FINAL PRETRIAL CONFERENCE

5     The Final Pretrial Conference is set for **November 17, 2016** at 2:00 p.m., in

6   courtroom 7.  At least one of the attorneys who will conduct the trial for each of the

7   parties shall attend the Final Pretrial Conference.  If by reason of illness or other

8   unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in

9   place of the trial attorney shall have equal familiarity with the case and equal

10   authorization to make commitments on behalf of the client.

11     Counsel for all parties are to be fully prepared for trial at the time of the Final

12   Pretrial Conference, with no matters remaining to be accomplished except production of

13   witnesses for oral testimony.

14     The parties shall file, not later than **October 27, 2016**, a Joint Final Pretrial

15   Conference Statement.  The provisions of Local Rules 281 shall apply with respect to

16   the matters to be included in the Joint Final Pretrial Conference Statement.  In addition

17   to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a

18   plain, concise statement that identifies every non-discovery motion tendered to the Court

19   and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial

20   Scheduling Order, may be grounds for sanctions.

21     At the time of filing the Joint Final Pretrial Conference Statement, counsel shall

22   also electronically mail to the Court in digital format compatible with Microsoft Word, the

23   Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit

24   lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

25     The parties should identify first the core undisputed facts relevant to all claims.

26   The parties should then, in a concise manner, identify those undisputed core facts that

27   are relevant to each claim.

28   ///

1  The disputed facts should be identified in the same manner.  Where the parties are

2  unable to agree as to what disputed facts are properly before the Court for trial, they

3  should nevertheless list all disputed facts asserted by each party.  Each disputed fact or

4  undisputed fact should be separately numbered or lettered.

5  Each party shall identify and concisely list each disputed evidentiary issue which

6  will be the subject of a motion in limine.

7  Each party shall identify the points of law which concisely describe the legal

8  issues of the trial which will be discussed in the parties' respective trial briefs.  Points of

9  law should reflect issues derived from the core undisputed and disputed facts.  Parties

10  shall not include argument or authorities with any point of law.

11  The parties are reminded that pursuant to Local Rule 281 they are required to list

12  in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose

13  to offer at trial.  After the name of each witness, each party shall provide a brief

14  statement of the nature of the testimony to be proffered.  The parties may file a joint list

15  or each party may file separate lists.  These list(s) shall not be contained in the body of

16  the Joint Final Pretrial Conference Statement itself, but shall be attached as separate

17  documents to be used as addenda to the Final Pretrial Order.

18  Plaintiff exhibits shall be listed numerically.  Defendants' exhibits shall be listed

19  alphabetically.  The parties shall use the standard exhibit stickers provided by the Court

20  Clerk's Office: pink for plaintiff and blue for defendant.  In the event that the alphabet is

21  exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters,

22  note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.  All

23  multi-page exhibits shall be stapled or otherwise fastened together and each page within

24  the exhibit shall be numbered.  All photographs shall be marked individually.  The list of

25  exhibits shall not include excerpts of depositions, which may be used to impeach

26  witnesses.  In the event that Plaintiff and Defendants offer the same exhibit during trial,

27  that exhibit shall be referred to by the designation the exhibit is first identified.

28  ///

1   The Court cautions the parties to pay attention to this detail so that all concerned will not

2   be confused by one exhibit being identified with both a number and a letter.

3   　　　The Final Pretrial Order will contain a stringent standard for the offering at trial of

4   witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned

5   that the standard will be strictly applied.  On the other hand, the listing of exhibits or

6   witnesses that a party does not intend to offer will be viewed as an abuse of the Court's

7   processes.

8   　　　The parties also are reminded that pursuant to Rule 16 of the Federal Rules of

9   Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a)

10  the formulation and simplification of issues and the elimination of frivolous claims or

11  defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance

12  of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the

13  Joint Final Pretrial Conference Statement and participate in good faith at the Final

14  Pretrial Conference with these aims in mind.  A failure to do so may result in the

15  imposition of sanctions which may include monetary sanctions, orders precluding proof,

16  elimination of claims or defenses, or such other sanctions as the Court deems

17  appropriate.

18  V.　　TRIAL BRIEFS

19  　　　The parties shall file trial briefs not later than **October 27, 2016**.  Counsel are

20  directed to Local Rule 285 regarding the content of trial briefs.

21  VI.　　EVIDENTIARY AND/OR PROCEDURAL MOTIONS

22  　　　Any evidentiary or procedural motions are to be filed by **October 27, 2016.**

23  Oppositions must be filed by November 3, 2016, and any reply must be filed by

24  **November 10, 2016.**  The motions will be heard by the Court at the same time as the

25  Final Pretrial Conference.

26  ///

27  ///

28  ///

1   VII.   TRIAL SETTING

2          A one (1) day bench trial is set on **January 9, 2017**, at 9:00 a.m., in courtroom 7.

3   VIII.   SETTLEMENT CONFERENCE

4          At the Final Pretrial Conference, the Court may set a settlement conference if the

5   parties so request.  In the event no settlement conference is requested, the parties are

6   free to continue to mediate or attempt to settle the case with the understanding that the

7   trial date is a firm date.

8          In the event a settlement conference is set by the Court, counsel are instructed to

9   have a principal with full settlement authority present at the Settlement Conference or to

10  be fully authorized to settle the matter on any terms.  At least seven (7) calendar days

11  before the settlement conference, counsel for each party shall submit to the chambers of

12  the settlement judge a confidential Settlement Conference Statement.  Such statements

13  are neither to be filed with the Clerk nor served on opposing counsel.  Each party,

14  however, shall serve notice on all other parties that the statement has been submitted.  If

15  the settlement judge is not the trial judge, the Settlement Conference Statement shall not

16  be disclosed to the trial judge.

17         Notwithstanding the foregoing, the parties may request a settlement conference

18  prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of

19  the case. In the event an early settlement conference date is requested, the parties shall

20  file said request jointly, in writing.  The request must state whether the parties waive

21  disqualification, pursuant to Local Rule 270(b), before a settlement judge can be

22  assigned to the case.  Absent the parties' affirmatively requesting that the assigned

23  Judge or Magistrate Judge participate in the settlement conference AND waiver,

24  pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.

25  IX.    VOLUNTARY DISPUTE RESOLUTION PROGRAM

26         Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed

27  order requesting referral to the Voluntary Dispute Resolution Program.

28  ///

1  X.    MODIFICATION OF THE AMENDED PRETRIAL SCHEDULING ORDER

2      The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

3  Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court

4  upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone

5  to modify the Pretrial Scheduling Order does not constitute good cause.  Except in

6  extraordinary circumstances, unavailability of witnesses or counsel will not constitute

7  good cause.

8  XII.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

9      This Pretrial Scheduling Order will become final without further order of the Court

10  unless objections are filed within seven (7) court days of service of this Order.

11      IT IS SO ORDERED.

12  Dated:  April 27, 2016

13

14

15  MORRISON C. ENGLAND, JR., CHIEF JUDGE
16  UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28

9